[No. D006590. Fourth Dist., Div. One. Mar. 23, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID CARL DREWS, Defendant and Appellant.

**COUNSEL**

Janice M. Lagerlof, under appointment by the Court of Appeal, for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender (Los Angeles), Laurence M. Sarnoff and Albert J. Menaster, Deputy Public Defenders, and Diane Campbell, as Amici Curiae on behalf of Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Rudolf Corona, Jr., and Patti W. Ranger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KREMER, P. J.**—After the superior court denied his motion to suppress evidence (Pen. Code,[1] § 1538.5, subd. (i)), defendant David Drews pleaded guilty to possessing methamphetamine for sale. (Health & Saf. Code, § 11378.) Drews appeals, contending the court erred in denying his motion to suppress. Drews asserts the superior court should have permitted him to present additional evidence on his motion to suppress. He also asserts the court should have found the police did not comply with section 1531's "knock and notice" requirements before entering his apartment to execute a search warrant. We affirm.

I

At his preliminary hearing Drew moved to suppress evidence under section 1538.5. Drew's motion was denied and he was held to answer.

In the superior court Drews renewed his motion to suppress under section 1538.5, subdivision (i).[2] Drews wanted to present additional evidence he asserted could not reasonably have been presented at the preliminary hearing. The People objected. When the court asked why the evidence was not presented at the preliminary hearing, Drews requested an in camera hearing to disclose the reasons.

Counsel for Drews stated in camera he wanted to call four witnesses: Drews, Sevino, Mestes and Capone. The court found Drews and Sevino could reasonably have been presented at the preliminary hearing. The court determined Mestes and Capone could not have reasonably been presented at the preliminary hearing. The court proceeded to examine the admissibility of the proposed testimony of Mestes and Capone. The court found Mestes's

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Section 1538.5, subdivision (i), as amended effective January 1, 1987, provides in relevant part: "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing . . . the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure . . . . If the motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing. If the people object to the presentation of evidence at the special hearing on the grounds that the evidence could reasonably have been presented at the preliminary hearing, the defendant shall be entitled to an in camera hearing to determine that issue. The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing."

testimony was collateral and surplusage on the issue of police compliance with "knock and notice" requirements. The court found Capone's testimony was merely cumulative. The court then denied Drews's motion to suppress.

## II

In determining the propriety of the superior court's denial of Drews's motion to suppress, we must review the evidence presented on the motion at the preliminary hearing and the facts proffered at the in camera hearing in superior court.

### A

#### FACTS AT PRELIMINARY HEARING

Police arrested Drews after searching his apartment and seizing drugs and drug-related paraphernalia. At the preliminary hearing, Drews moved to suppress the evidence under section 1538.5, asserting the arresting officers did not comply with section 1531's "knock and notice" requirements.[3] On that issue the magistrate heard testimony from two police officers and two defense witnesses.

On October 8, 1986, at 5:27 p.m., four police officers executed a search warrant at Drews's apartment. The officers climbed the stairs to the second floor of the apartment complex. The stairs ended at a small landing with two apartments, numbers 49 and 51, opening onto it. Drews lived in number 51.

People's witness Officer Heggestuen testified he knocked on the door of apartment 51, identified himself as a police officer with a warrant to serve, and in a loud voice demanded entry. There was no response. Heggestuen heard no sounds from inside the apartment. After waiting 15 seconds, Heggestuen knocked again, repeated his verbal identification and again demanded entry. After waiting another 15 seconds with no response, Officer Hines used a metal pole to break down the door. The officers did not believe there was an emergency in the apartment. Upon entry Heggestuen saw a man—Damon Sevino[4]—walking toward the front door. Sevino was patted down for weapons and detained. The officers found Drews in a bathroom.

---

[3] Section 1531 provides: "The officer may break open any outer or inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance."

[4] Sevino was initially charged as a codefendant.

Drews was arrested after drugs and drug paraphernalia were found in the apartment.

At the preliminary hearing Drews told the court he would call three witnesses on the "knock and notice" issue. Drews did not identify those three witnesses to the court. Ultimately only two defense witnesses, Leslie Brown and Tommy Enriquez, testified. Drews made no further mention of a third witness.

Defense witness Brown lived in apartment 49 directly across the landing from apartment 51. The distance between the doors of the apartments was two and one-half to three feet. Brown came home from work at 4 p.m. While sitting in his living room reading, Brown heard two loud booms, one of which knocked the door to his apartment open slightly. Brown looked out his peephole and heard a man yell, "Police! On the floor!" Brown did not hear any voices before that nor did he hear anyone knocking on the door of apartment 51 or demanding entry. Brown was about 15 feet from the front door when he heard the loud booms, which at first he thought were earthquakes.

Defense witness Enriquez was 13 years old and lived in apartment 50. While sitting on his balcony with friends, Enriquez saw police officers go up the stairs and start banging on the door of apartment 51. According to Enriquez, the banging did not sound like knocking. Instead, "it sounded super loud. Like bashing or something." Enriquez did not hear the officers say anything.

Officer Bellizzi testified in rebuttal. Bellizzi helped serve the search warrant. According to Bellizzi, he was halfway up the stairs when he saw Heggestuen knock on the door, identify himself and demand entry. The stairway was about 15 to 20 feet long. Heggestuen knocked only once, and after waiting 15 seconds, the officers knocked down the door.

### B

### PROFFERED TESTIMONY IN SUPERIOR COURT

In the superior court Drews wanted to call bystander Mestes as an additional witness. Mestes was not present when the search warrant was executed. Mestes would have testified the officers searched his backpack when they came out of Drews's apartment. According to the defense theory, if the officers denied searching Mestes, the court could determine who was telling the truth regarding the "knock and notice" issue.

In the superior court Drews also wanted to call Capone as an additional witness. Capone was discovered during the week before the superior court hearing. Drews made an offer of proof Capone would testify: Capone was outside the apartment complex and saw police arrive. Capone ran to the first floor apartment directly beneath Drews's apartment. The apartment complex's construction was flimsy. From his location Capone would have heard a knock on Drews's door. Capone does not recall any knock, but remembers a couple of loud booms.[5]

## III

### A

Section 1538.5, subdivision (i), as amended effective January 1, 1987, removes the right of a defendant to have a de novo hearing in the superior court on a suppression motion if the motion was made at the preliminary hearing. Evidence at the superior court section 1538.5, subdivision (i) hearing is limited to the preliminary hearing transcript and evidence which could not reasonably have been presented at the preliminary hearing. **(1)** Defendant is entitled to an in camera hearing on the issue whether any such new evidence could reasonably have been presented at the preliminary hearing if the People object to such new evidence on this ground. The purpose of the in camera hearing is "to protect the attorney-client privilege and to preclude prosecutorial discovery." (See Assem. Com. on Public Safety Rep. on Assem. Bill No. 2328 (Jan. 17, 1986) p. 2 (1986 Reg. Sess.).)

### B

We now examine whether the superior court was correct in excluding the testimony of the four witnesses proffered by Drews. We find no prejudicial error.

#### WITNESS DREWS

 In the superior court defense counsel wanted to call Drews as an additional witness. Counsel stated he did not have Drews testify at the preliminary hearing because it would have constituted malpractice and would have hampered Drews's Fifth Amendment rights against self-incrimination.

---

[5]We need not discuss the proffered testimony of Drews and Sevino because, as discussed *infra,* the superior court properly ruled their testimony could have been presented at the preliminary hearing.

The superior court ruled Drews's testimony could reasonably have been presented at the preliminary hearing. The court found no material difference between a defendant testifying in a suppression motion at a preliminary hearing and testifying in a pretrial motion in superior court. We agree.

■ If a defendant testifies at a suppression hearing in superior court, his testimony may not be used against him by the People in their case in chief. (*Simmons* v. *United States* (1968) 390 U.S. 377 [19 L.Ed.2d 1247, 88 S.Ct. 967]; *People* v. *Cornejo* (1979) 92 Cal.App.3d 637 [155 Cal.Rptr. 238].) However, if a defendant's testimony at a pretrial suppression hearing is inconsistent with his testimony at trial, the People may use such pretrial testimony for impeachment. (*People* v. *Douglas* (1977) 66 Cal.App.3d 998 [136 Cal.Rptr. 358].)

In *People* v. *Douglas, supra,* 66 Cal.App.3d 998, the defendant testified in his own behalf. The trial court permitted the People to impeach him with his testimony at a pretrial suppression hearing inconsistent with his testimony at trial. The appellate court found no violation of the defendant's Fourth or Fifth Amendment rights. The court stated: "We conclude that defendant's testimony at a suppression hearing may be used for impeachment purposes if he takes the stand at his trial and testifies in a manner inconsistent with his pretrial testimony. This rule does not oblige a defendant 'either to give up what he believed, with advice of counsel, to be a valid Fourth Amendment claim or . . . to waive his Fifth Amendment privilege against self-incrimination.' (*Simmons* v. *United States, supra,* [390 U.S.] p. 394; *People* v. *Coleman, supra,* [13 Cal.3d] p. 879 [120 Cal.Rptr. 384, 533 P.2d 1024].) He may testify *truthfully* at his suppression motion should he elect to do so. In the event that he chooses to testify *truthfully* at trial, he runs no risk of being impeached. He has, however, no right to commit perjury and is not entitled to a 'false aura of veracity.' [Citation.] If his trial testimony is inconsistent with that previously given at the suppression hearing, he may be impeached therewith. (See Evid. Code, §§ 780, 1235.)" (*Id.* at pp. 1005-1006, fn. omitted, italics in original.)[6]

Drews cites *People* v. *May* (1988) 44 Cal.3d 309 [243 Cal.Rptr. 369, 748 P.2d 307] in support of his contention the admissibility of a defendant's preliminary hearing testimony is not as clearly protected as that of his testimony during a superior court hearing on a suppression motion. We are aware of no language in *May* supporting Drews's contention.

---

[6]The court also noted: "Testimony given by the defendant at a hearing pursuant to Penal Code section 1538.5 should be, of course, carefully limited to the issues raised by the suppression motion." (*People* v. *Douglas, supra,* 66 Cal.App.3d at p. 1006, fn. 4.)

There is no reason the principles expressed in *Simmons* v. *United States, supra,* 390 U.S. 377, *People* v. *Cornejo, supra,* 92 Cal.App.3d 637, and *People* v. *Douglas, supra,* 66 Cal.App.3d 998, should not be applicable to testimony at a suppression motion during a preliminary hearing. If the defendant testifies truthfully, he has nothing to fear. However, if defendant's testimony at a preliminary hearing suppression motion is inconsistent with his trial testimony, he may be impeached with the earlier testimony. Thus, we hold a defendant's testimony at a preliminary hearing motion to suppress stands in the same position, with the same protections and limitations, as if it were given during a pretrial motion to suppress in superior court.

■ We conclude Drews's testimony could reasonably have been presented at the preliminary hearing without violating Drews's Fourth or Fifth Amendment rights. The superior court properly held Drews could not testify at the special hearing.

## WITNESS SEVINO

■ The superior court declined to permit defense counsel to call Sevino as an additional witness. Sevino was originally Drews's codefendant. Sevino was asked to appear voluntarily at the preliminary hearing. He came to the courthouse but left without notifying counsel. The defense was unable to put Sevino on the stand. Sevino had not been subpoenaed. Neither defense counsel nor his investigators had spoken to Sevino about his proposed testimony before the preliminary hearing because Sevino was not represented by counsel and was being diverted from criminal prosecution. None of the facts regarding Sevino's presence or status were brought to the attention of the magistrate.

The superior court found Sevino's testimony could reasonably have been presented at the preliminary hearing. The court was correct. Drews's counsel knew of Sevino before the preliminary hearing but did not subpoena him, did not notify the magistrate Sevino had been present but had left, and did not ask for a continuance to secure Sevino's presence. The superior court properly declined to permit Drews to present the testimony of Sevino.

## WITNESS MESTES

■ The superior court held Mestes's testimony would not focus on the credibility of testimony regarding the "knock and notice" and excluded it. We agree. The evidence was not relevant. (Evid. Code, §§ 210, 350.) The court properly declined to permit Drews to present the testimony of Mestes.

Witness Capone

The superior court accepted for purposes of argument Drews's claim Capone could not reasonably have been produced at the preliminary hearing. ■ However, the court excluded Capone's testimony as cumulative and surplusage. The court reasoned the defense witnesses at the preliminary hearing did not persuade the magistrate because they were too far away from the apartment to hear Heggestuen's "knock and notice." The court stated Capone's testimony would not have changed the magistrate's decision because Capone was no closer than those other defense witnesses. The court said Drews should not be permitted to add one more witness "of the same sort" simply because the officer's credibility was being challenged.[7]

After determining Capone had been unavailable at the preliminary hearing, the superior court had discretion under Evidence Code section 352 to exclude Capone's testimony as cumulative. Evidence Code section 352 authorized the court to exclude relevant evidence whose probative value was substantially outweighed by the probability it would be unduly time-consuming or confuse the issues. Defense witnesses Brown and Enriquez were too far away from Drews's apartment to hear any police "knock and notice." Capone was no closer to Drews's door than were Brown and Enriquez. On this record the court reasonably found Capone's testimony bearing on the issue whether police complied with "knock and notice" requirements would be no more probative than the Brown and Enriquez testimony and would be merely cumulative.

The superior court did not err in declining to permit Capone to testify at the special hearing.

## IV

■ Drews contends the court erred in finding the police complied with section 1531's "knock and notice" requirements before entering his apartment. We disagree.

At the preliminary hearing the magistrate stated: "I find the officer [Heggestuen] is believable. I believe what he has testified to, and I find he

---

[7] We note the court's comments suggest possible misperception of the appropriate standard. The issue was not whether Capone's testimony would have changed the *magistrate's* mind. The issue was simply whether Capone's testimony could reasonably have been presented at the preliminary hearing. However, on this record any such misperception was harmless. From the superior court's comments we may reasonably infer the *superior court's* determination about police compliance with "knock and notice" requirements would not have changed even if it had admitted and independently weighed Capone's testimony.

knocked on the door and announced his purpose, identified himself, demanded entry, waited 15 seconds, got no response, knocked again, identified himself and stated his purpose and demanded entry, got no response, waited 15 seconds, and Officer Hines then knocked the door down. That is my view of the evidence."

The superior court ruled no additional evidence could be introduced at the special hearing under section 1538.5, subdivision (i). The superior court was thus bound by the magistrate's findings. (§ 1538.5, subd. (i).) ■ On appeal those findings must be upheld if they are supported by substantial evidence. We must then decide whether on the facts found the conduct of the officers was reasonable. On this issue we exercise our independent judgment.

■ Drews contends, in determining whether nonresponse to the officers' announcement constituted a refusal to admit them, we should consider the facts there was no evidence the officers knew anyone was present in the apartment, there were no lights on, and there was no contact with the occupants to verify their presence. The People contend the officers could reasonably believe they were being denied admission because the time of day was 5:27 p.m., it was a one bedroom apartment, the police knew from the search warrant narcotics were involved, and the officers knocked and waited an appropriate amount of time.

Considering the totality of circumstances here, we conclude the police conduct complied with section 1531's requirements in that the officer knocked, announced his purpose, waited a reasonable amount of time for a response, and repeated this again. Such conduct was reasonable.

The superior court correctly denied Drews's motion to suppress.

### DISPOSITION

The judgment is affirmed.

Benke, J., concurred.

NARES, J., Dissenting.—I respectfully disagree with the majority's conclusion the trial court properly excluded Capone's testimony at the special hearing.

At a hearing in camera, the trial court determined defense witness Capone could not reasonably have been produced at the preliminary hearing. Nevertheless, the court in camera excluded Capone's testimony on the

grounds it was cumulative and surplusage, reasoning the magistrate's decision would not have changed had it heard Capone's testimony and further reasoning Drews should not be allowed to add one more witness "of the same sort" simply because the police officer's credibility was being challenged.

The trial court erred because once it found Capone could not reasonably have been produced at the preliminary hearing, Drews had a right to a special hearing in open court to present this evidence.[1] (Pen. Code,[2] § 1538.5, subd. (i).) Because Capone's testimony went directly to the knock-notice findings made by the magistrate, the trial court then had a duty to exercise its independent judgment when deciding whether the officer complied with the knock-notice requirements of section 1531 in light of this additional evidence.[3] (See *People* v. *Ramsey* (1988) 203 Cal.App.3d 671, 679, fn. 2 [250 Cal.Rptr. 309].)

Here, defense witnesses Brown, Enriquez and Capone were physically situated in different places in the apartment building at the time Officer Heggestuen said he knocked and gave notice. Brown, Drews's next-door neighbor, did not hear the knock and notice; Enriquez, sitting on his balcony downstairs, did not hear the knock and notice; Capone, standing underneath the stairwell, did not hear the knock and notice; Officer Bellizzi, standing halfway up the stairwell to Drews's apartment, heard only one knock and notice. Officer Heggestuen testified he twice knocked and gave notice. In ruling Officer Heggestuen had complied with section 1531, the magistrate found this was a "close case."

Because Drews was able to produce a witness not reasonably available at the preliminary hearing, the trial court should have permitted Capone to testify. Capone's testimony was relevant and probative on the issue of the officer's compliance with the knock-notice requirements of section 1531. Moreover, there was no evidence before the trial court that Capone's testimony would consume an undue amount of time, confuse the issue or be cumulative as to its evidentiary weight. (Evid. Code § 352.)

---

[1] The trial court did not find Capone's testimony irrelevant. Instead, at the in camera hearing, the court said: "Well, but in the context of our situation, I am not saying that in a de novo proceeding in which all of these people were on and nothing had been decided, that presenting witnesses with regard to the transaction itself, who would show that the officers lied about it from beginning to end would not be relevant evidence and that if it came in, somebody deciding credibility would not consider it. I am not suggesting that at all."

[2] All statutory references are to the Penal Code unless otherwise specified.

[3] ". . . The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing." (§ 1538.5, subd. (i).)

The superior court did not exercise its independent judgment in deciding the knock-notice issue, even though it determined there was additional evidence on that issue. In my view, Drews was erroneously denied the right to present evidence at the special hearing. I would reverse the judgment and remand the case to the trial court for a hearing pursuant to section 1538.5, subdivision (i).

A petition for a rehearing was denied April 11, 1989, and appellant's petition for review by the Supreme Court was denied June 22, 1989. Broussard, J., was of the opinion that the petition should be granted.